UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KESTER SANDY,

                      Petitioner,

        -against-

UNITED STATES PROBATION AND
PRETRIAL SERVICES,

                      Respondent.

Case No. 1:22-cv-04171 (JLR)

**MEMORANDUM
OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

        On May 20, 2022, Petitioner Kester Sandy, proceeding *pro se* and *in forma pauperis*, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his 2004 conviction in the Eastern District of Pennsylvania for felon-in-possession under 18 U.S.C. § 922(g) (the "2004 Federal Conviction"). ECF No. 2 (the "Third Petition" or "Pet."). Petitioner challenges his conviction under the Supreme Court's decision in *Rehaif v. United States*, 138 S. Ct. 2191 (2019), which clarified that, in felon-in-possession cases, the government must prove that the defendant "knew he was a felon when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (citing *Rehaif*, 139 S. Ct. at 2199-2200). Petitioner argues that he "never actually knew . . . that [he] was actually a convicted felon" when he purchased the firearm which he was convicted of possessing in the 2004 Federal Conviction. Pet. at 6.

        By way of background, in December 2004, Petitioner was sentenced to 78 months' imprisonment and three years' supervised release on the 2004 Federal Conviction. *See United States v. Kester Sandy*, 04-cr-324 (TJS) (E.D. Pa.), ECF No. 15. He has already served 78 months' imprisonment, but he has not yet begun serving his term for supervised release because he is currently serving a separate sentence in state court. Pet. at 2. He is incarcerated at the Otisville Correctional Facility in Otisville, New York. *Id.* at 1.

On May 28, 2020, Petitioner filed a habeas petition in the Eastern District of Pennsylvania, arguing that his 2004 Federal Conviction was invalid under *Rehaif*. *See Sandy v. United States*, No. 2:20-cv-3290 (TJS) (E.D. Pa.), ECF No. 1 (the "First Petition"). On March 10, 2021, the Court dismissed the First Petition on the grounds that the petition should be filed in the Southern District of New York, where the Otisville facility is located. *Id.* at ECF Nos. 3, 4. On April 9, 2021, following the instructions of the Eastern District of Pennsylvania, Petitioner filed his petition in this Court, where it was assigned to Judge Román. *See Sandy v. Barometre*, 7:21-cv-3099 (NSR) (the "Second Petition"). The Second Petition was dismissed on the grounds that Petitioner failed to name the proper respondent with respect to the challenged "custody" – the term of supervised release – and because Petitioner had not filed suit in the court with jurisdiction over that custody. *See* Case No. 7:21-cv-3099 (NSR), ECF No. 20 at 3.

On June 2, 2022, two weeks after the instant Third Petition was filed, Judge Román responded to letters from Petitioner about the Second Petition, noting that "it remains unclear whether this Court has 'jurisdiction over' the U.S. Probation and Pretrial Services office which Petitioner purports to name as a respondent" because Petitioner has not indicated whether his term of supervised released will be served in the Eastern District of Pennsylvania or the Southern District of New York. Case No. 7:21-cv-3099 (NSR), ECF No. 24 at 1.

Under 28 U.S.C. § 2243, the proper respondent to a petition for writ of habeas corpus is "the person having custody over [the petitioner]." The Supreme Court in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the leading case on jurisdiction for habeas petitions, held that a petitioner challenging *future* custody "may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* at 438. Therefore, in cases in which a petitioner is challenging his future term of supervised release, the proper respondent is the Chief Probation Officer in the district in which he will serve his term of supervised release, as that is

the office with legal control of the supervisee. *See, e.g., United States v. Wilkinson*, No. CRIM. 1:CR-93-158, 2010 WL 598609, at *4 & n.5 (M.D. Pa. Feb. 17, 2010) (concluding that proper respondent in challenge to future term of supervised release was Chief Probation Officer of the district supervising his release) (citing Rules 1(b) and 2(b) of Rules Governing 28 U.S.C. § 2254 Cases, available at https://www.uscourts.gov/file/27805/download (last accessed October 21, 2022)).  Pursuant to the Mandatory Conditions of Supervised Release, the defendant is required to "report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame." U.S.S.G. § 5D1.3(c)(1) (emphasis added).

Here, Petitioner is not challenging his current confinement in Otisville, but rather his future term of supervised release.  The U.S. Probation Office that will be supervising Petitioner is therefore the appropriate respondent in this action, and the U.S. District Court with jurisdiction over that office will be the appropriate venue to consider the Third Petition.  As Judge Román noted in his June 2, 2022 Order, however, Petitioner has not indicated where he will be serving his term of supervised release from the 2004 Federal Conviction.  This Court cannot know whether it has jurisdiction over the respondent unless and until Petitioner has indicated which district will be supervising his future term of supervised release.

Accordingly, IT IS HEREBY ORDERED that Petitioner shall file an Amended Petition in this action, indicating where he intends to serve his term of supervised release.  For instance, if he plans to reside in the Eastern District of Pennsylvania or in the Southern District of New York, he should note that in his Amended Petition.  He should also name the Chief Probation Officer of the district in which he plans to reside as a respondent on the Amended Petition. Petitioner shall file his Amended Petition on or before **December 29, 2022**.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner.

Dated: October 21, 2022
      New York, New York

                                                  SO ORDERED.

                                                  *Jennifer Rochon*
                                                  JENNIFER L. ROCHON
                                                  United States District Judge